UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

THOMAS JAMES MEYERS,

    Debtor.

Case Number: 21-10493-7

---

SUSAN JACKSON,

    Plaintiff,

v.

THOMAS JAMES MEYERS,

    Defendant.

Adversary Number: 21-27

---

**DECISION**

Plaintiff Susan Jackson ("Jackson") contracted with Debtor Thomas James Meyers ("Meyers") related to repairs, improvements, and construction at her residence in Columbia County, Wisconsin (the "Property"). She paid $109,404.15 to Meyers as a down payment on the contract. Meyers did not complete the construction, and almost three years after contracting, Jackson sued Meyers seeking rescission. She claimed he breached the contract, failed to cure the breach or return her down payment, negligently or intentionally or strictly misrepresented facts, and that his actions were a theft by contractor. Claiming his actions were malicious or an intentional disregard of Jackson's rights, she also asked for punitive damages.

At first, Meyers was pro se in that state court suit. After a motion for summary judgment was filed, he retained a lawyer. The lawyer responded to

the summary judgment motion by filing a brief seeking dismissal with no supporting affidavits.

Jackson had served discovery requests on Meyers including requests to admit. Because Meyers didn't respond, Jackson asked the court to deem the failure to answer to be admissions of a list of statements. The circuit court decision contains a list of the allegations Jackson said should be considered admissions. It does not, however, say those allegations are facts.

Instead, the circuit court held the response did not raise material issues of fact. Doing so, the court said:

> Meyers' response contains only broad generalizations and includes no affidavit with facts supporting his contentions. Meyers has not raised any genuine issue of material fact. Based on the reasons and authority set forth in Jackson's brief, summary judgment is hereby GRANTED to Jackson for rescission, breach of contract and contractor theft.
>
> As requested by Jackson, damages will be awarded in the sum of $109,404.15 and treble damages for a total amount of $328,212.45, together with all costs of investigation and litigation under Wis. Stat. §895.446.

After entry of the judgment against Meyers in state court, Meyers filed bankruptcy. The matter is before the Court because Jackson moves for summary judgment. She asks for a decision that the state court judgment is binding and that claim preclusion addresses all issues in this adversary. She asserts the state law causes of action satisfy the elements under 11 U.S.C. § 523(a)(4). Meyers answered the adversary complaint but has not responded to the motion before the Court.

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin.

A bankruptcy judge to whom a case has been referred has statutory authority to enter final judgment on any proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Bankruptcy judges must therefore determine, on motion or sua sponte, whether a proceeding is a core proceeding or is otherwise related to a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(3). As to the former, the bankruptcy court may hear and determine such matters. 28 U.S.C. § 157(b)(1). As to the latter, the bankruptcy court may hear the matters, but may not decide them without the consent of the parties. 28 U.S.C. § 157(b)(1), (c).

This is a core proceeding. No party has objected to the court entering final orders. The Complaint is based on section 523(a)(4) of the Bankruptcy Code. This section is a bankruptcy cause of action. While some claims may

3

turn on state law, determining the scope of a debtor's discharge is a fundamental part of the bankruptcy process. *See Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 20 (B.A.P. 9th Cir. 2012). *See also Dragisic v. Boricich (In re Boricich)*, 464 B.R. 335, 337 (Bankr. N.D. Ill. 2011).

## LEGAL STANDARDS

### A. Summary Judgment Standard and Burden of Proof

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56). The moving party has the burden of establishing the nonexistence of a "genuine issue." 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, p. 121 (4th ed.).

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All justifiable inferences are to be drawn in favor of the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970). "However, the non-movant must set forth 'specific facts showing that there is a genuine issue for trial' which

4

requires more than 'just speculation or conclusory statements.'" *Elbing v. Blair (In re Blair),* 359 B.R. 233, 237 (Bankr. E.D. Wis. 2007) (quoting *Heft v. Moore,* 351 F.3d 278, 283 (7th Cir. 2003)).

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bank. P. 7056, adopting Fed. R. Civ. P. 56. At the summary judgment stage, the court's role is to determine whether there is a genuine issue for trial. The court need not weigh the evidence to determine the truth. *See Anderson,* 477 U.S. at 249.

The moving party "always bears the initial responsibility" to establish the lack of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. "When the moving party has carried its burden . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must establish specific facts that show a genuine issue for trial. *See id.* at 587. The inferences drawn from the facts must be viewed in the light most favorable to the non-movant party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The Court cannot consider facts that are not in the record. *Summit Credit Union v. Goldbeck (In re Goldbeck),* 590 B.R. 881, 887 (Bankr. W.D. Wis. 2018). But federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens*

*Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)). A court may also take judicial notice of its "own records of prior litigation closely related to the case before it." *St. Louis Baptist Temple*, 605 F.2d at 1172.

For summary judgment determinations, the materiality of facts must be determined based on the governing substantive law. In her adversary complaint, Plaintiff seeks an order that Defendant's debt is nondischargeable under 11 U.S.C. § 523(a)(4). The Court must determine whether any genuine issues of material fact exist to except this debt from discharge.

Under section 523, a plaintiff must first establish that the debtor owes him or her a debt. *See Zirkel v. Tomlinson (In re Tomlinson)*, Adv. No. 96 A 1539, 1999 WL 294879, at *7 (Bankr. N.D. Ill. May 10, 1999). Second, a plaintiff must show that the debt falls within one of the specified grounds under a provision of section 523.

The Seventh Circuit has held that the creditor bears the burden of proving a debt nondischargeable, and the quantum of proof required is a preponderance of the evidence. *See In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997) (citing *Grogan v. Garner,* 498 U.S. 279, 287 (1991)). Courts must construe exceptions to discharge strictly against the creditor and in favor of the debtor. *Id.* at 465; *In re Scarlata,* 979 F.2d 521, 524 (7th Cir. 1992). *See also In re Crosswhite,* 148 F.3d 879, 881 (7th Cir. 1998); *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994).

6

**B. Statutes Applicable to Plaintiff's Claims**

Plaintiff bases her claim on one subsection of 523 to provide a basis for a determination of nondischargeability in this case. The subsection is (a)(4):

11 U.S.C. § 523(a)(4) provides:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Plaintiff does not plead fraud. For that reason, the elements of fraud need not be addressed under this section.

To prevail on a section 523(a)(4) claim of defalcation while acting in a fiduciary capacity, the party seeking a determination of nondischargeability must prove by a preponderance of the evidence:

(1) the existence of a trust;

(2) the debtor is a fiduciary of that trust; and

(3) fraud or defalcation by the debtor while acting as a fiduciary of the trust.

*Hellenbrand Glass, LLC v. Pulvermacher (In re Pulvermacher)*, 567 B.R. 881 (Bankr. W.D. Wis. 2017) (citing *Baytherm Insulation, Inc. v. Carlson (In re Carlson)*, 456 B.R. 391, 395 (Bankr. E.D. Wis. 2011)). Fraud must be pled with particularity. Defalcation requires a culpable state of mind. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013).

"Both embezzlement and larceny require the debtor to have appropriated funds for his or her own benefit with fraudulent intent or deceit, the difference being only that embezzled property comes into the debtor's hands lawfully,

while larceny requires that the debtor obtain the property unlawfully." *Hebl v. Windeshausen*, 590 B.R. 871, 877-78 (W.D. Wis. 2018) (citing *In re Weber*, 892 F.2d 534, 538-39 (7th Cir. 1989)).

### DISCUSSION

The Full Faith and Credit Act requires bankruptcy courts to recognize and give state court judgments the same preclusive effect the judgments would otherwise enjoy in state court. *Dollie's Playhouse, Inc. v. Nable Excavating, Inc. (In re Dollie's Playhouse, Inc.)*, 481 F.3d 998, 1000 (7th Cir. 2007). Section 1738 of title 28 bars federal courts from employing their own rules of preclusion. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82 (1982). As a result, federal courts must adhere to the rules chosen by the state from which the judgment is taken. *Id.* at 482. Here, the judgment is a Wisconsin state court judgment. So Wisconsin law on preclusion applies.

Despite the best efforts of courts throughout Wisconsin to replace res judicata and collateral estoppel nomenclature with claim and issue preclusion, legal professionals still use the former terms. *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995). In *Northern States Power Co. v. Bugher*, the Wisconsin Supreme Court adopted the term "issue preclusion" to replace collateral estoppel. *Id.* "Issue preclusion refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action." *Id.* at 550 (citation omitted).

8

In Wisconsin, issue preclusion consists of two steps. First, a court must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether that determination was essential to the judgment. Second, a court must determine whether applying issue preclusion squares with principles of fundamental fairness. *In re Jaynes*, 377 B.R. 880, 884 (Bankr. W.D. Wis. 2007).

An issue is "actually litigated and determined" when it is "raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Randall v. Felt (In re Estate of Felt)*, 2002 WI App 157, 256 Wis. 2d 563, 647 N.W.2d 373, 376-77 (citing *Restatement (Second) of Judgments* § 27 cmt. d (1980)). For the purpose of issue preclusion, a summary judgment can meet the requirement of a conclusive and final judgment. *See Estate of Rille v. Physicians Ins. Co.*, 2007 WI 36, 300 Wis. 2d 1, 728 N.W.2d 693, 704. So "an issue submitted on a motion for summary judgment is an issue actually litigated for purposes of issue preclusion." *Id.* at n.24.

Jackson asks that this Court apply issue preclusion to her claim under 11 U.S.C. § 523(a)(4) as a debt for fiduciary fraud or defalcation. The elements required to establish a nondischargeable debt under section 523(a)(4) are as follows: (1) the existence of a trust, (2) the debtor is a fiduciary of that trust, and (3) fraud or defalcation by the debtor while acting as a fiduciary of the trust. 11 U.S.C. § 523(a)(4). To apply issue preclusion to a section 523(a)(4) claim, then, each factor of section 523(a)(4) must have been actually litigated and determined in the prior proceeding.

In the state court action, Meyers was found liable to Jackson for violating Wis. Stat. § 779.02(5). Wis Stat. § 779.02(5), labeled "Theft by contractors," provides that sums paid by a property owner to a general contractor or subcontractors constitute a trust fund. Further, the use of any money in this trust fund by a contractor must be for the purposes listed in the statute until those claims are paid in full. If the funds are not used for those claims, it is theft by contractor punishable under Wis. Stat. § 943.20, Wisconsin's theft statute. Bankruptcy courts in Wisconsin have held that Wisconsin's "theft by contractor" statute "establish[es] the type of express statutory trust contemplated by the Bankruptcy Code's discharge exception for fiduciary fraud or defalcation." *In re Carlson*, 456 B.R. 391, 400 (Bankr. E.D. Wis. 2011); *In re Pulvermacher*, 567 B.R. 881, 890-91 (Bankr. W.D. Wis. 2017). Thus for the purpose of issue preclusion, the elements of 11 U.S.C. § 523(a)(4) were actually litigated and determined in Jackson's state court suit against Meyers for a violation of Wis. Stat. § 779.02(5).

However, Jackson requests this Court also apply issue preclusion to the question of exemplary damages. Here, the issue of exemplary damages was raised in Jackson's Motion for Summary Judgment. In the motion, Jackson asserted Meyers is liable for treble damages pursuant to Wis. Stat. § 895.446. Jackson stated that "the treble damage remedy of former Wis. Stat. § 895.80 is available for a civil theft by contractor violation." Meyers responded to Jackson's motion in a Brief in Favor of Dismissal, but he did not explicitly address exemplary damages.

On top of being raised, though, the issue must be actually determined. In *In re Jaynes*, this Court held that "[f]or purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Jaynes*, 377 B.R. at 884 (citing *Restatement (Second) of Judgments* § 13). "If the basis of a decision is unclear, and it is therefore uncertain whether the issue was actually and necessarily decided in that litigation, then relitigation of the issue is not precluded." *Jaynes*, 377 B.R. at 884 (citing 18 *Moore's Federal Practice—Civil* § 132.03 (3d ed. 2007)). In analyzing whether an issue was actually determined, this Court pointed to Comment g. to the *Restatement (Second) of Judgments* § 13:

> [P]reclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion. The test of finality, however, is whether the conclusion in question is procedurally definite and not whether the court might have had doubts in reaching the decision.

Here, the decision to award exemplary damages is not "avowedly tentative." The state court awarded exemplary damages. But it never explained the award of exemplary damages other than that there was no genuine issue of material fact raised. The question, then, is whether the basis for the state court's decision to award treble damages was clear and supported with a reasoned opinion so that treble damages was "actually determined."

11

Wis. Stat. § 895.446(3)(c) states that if a plaintiff prevails in a civil action under subsection (1) of this statute, "he or she *may* recover" . . . "[e]xemplary damages of not more than 3 times the amount awarded under par. (a) [actual damages]. No additional proof is required under this section for an award of exemplary damages under this paragraph." (emphasis added). Though no additional proof is required, the statute is clear that a plaintiff is not automatically entitled to exemplary damages. Rather, a plaintiff *may* be awarded exemplary damages. As a result, the award of treble damages is discretionary.

A statute creating a treble damages remedy is considered punitive rather than remedial. *Tri-Tech Corp. of America v. Americomp Services, Inc.*, 2002 WI 88, 254 Wis. 2d 418, 646 N.W.2d 822 (citing *John Mohr & Sons, Inc. v. Jahnke*, 55 Wis. 2d 402, 411, 198 N.W.2d 363 (Wis. 1972) (superseded by statute on other grounds)). So a court's discretion in deciding whether to award exemplary damages "must be applied with the understanding that '[e]xemplary damages' are synonymous with 'punitive damages.'" *Miller v. Storey*, 2017 WI 99, 378 Wis. 2d 358, 396 n.32, 903 N.W.2d 759. Thus it is appropriate to consider whether exemplary damages will serve the punitive purposes of punishment and deterrence. It is the nature of the wrongdoer's conduct, not that of the underlying tort, that must be analyzed. *Shopko Stores, Inc. v. Kujak*, 147 Wis. 2d 589, 600-602, 433 N.W.2d 618 (Wis. Ct. App. 1988).

In deciding whether it is necessary to award punitive damages, a court may consider several factors: the age of the offender, the attitude and conduct

12

of the offender upon detection, fines and forfeitures already imposed, and whether the defendant is a person of modest means who will be severely punished by punitive damages. *Id.*

There is no discussion in the state court decision about whether any of these factors were considered. The decision merely awards treble damages because Jackson asked for them. The state court does not say why it decided to do so other than because Meyers raised no genuine issue of material fact in his brief.

For the purpose of summary judgment, a court need not detail any findings of fact or conclusions of law. A court simply determines whether there is any genuine issue of material fact on an issue raised and whether the movant has satisfied his or her burden of proof on all elements of the claim. The state court did so about actual damages. It then concluded that because Meyers failed to respond to requests to admit while unrepresented and the attorney who later represented him failed to support opposition to summary judgment with an affidavit, no genuine issue of material fact had been raised. As a result, summary judgment for breach of contract and contractor theft was granted in the amounts—including treble damages—requested by Jackson.

But even if this Court were to find that the issue of exemplary damages was actually litigated and determined in state court, it still must consider the second step of issue preclusion. Under the second step, a court may permit or deny the application of the doctrine of issue preclusion based on fundamental fairness. *In re Jaynes*, 377 B.R. at 884. This discretionary decision is

13

"bottomed in guarantees of due process which require that a person must have had a fair opportunity procedurally, substantively and evidentially to pursue the claim before a second litigation will be precluded." *Estate of Rille*, 728 N.W.2d at 707.

A court generally examines five factors in determining whether the application of issue preclusion satisfies notions of fundamental fairness. The factors to be considered in determining whether to apply issue preclusion are as follows:

1) Could the party against whom preclusion is sought have obtained review of the judgment as a matter of law;

2) Is the question one of law that involves two distinct claims or intervening contextual shifts in the law;

3) Do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue;

4) Have the burdens of persuasion shifted so that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; and

5) Are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

The weight to be given to each of these factors involves a court's exercise of discretion. Factors 1, 2, and 4 of the analysis present questions of law. Factors 3 and 5 generally fall within the court's exercise of discretion. *Id.* at 706–07.

As to the first factor, Meyers could have appealed the decision and sought review of the court's summary judgment decision as a matter of law. He did not do so. As to the second factor, while the claims made in this Court

14

versus state court differ in that the claim before this Court is for the nondischargeability of debt owed to Jackson and the state court claims were rescission, breach of contract, and contractor theft, the claims both involve the fraud issue. Thus, the two claims are intertwined.

As to the third factor, there are no significant differences in the quality of extensiveness of the proceedings between the two courts.

The fourth factor, whether there are differing burdens of proof, leans in the Defendant's favor. Wisconsin courts, as well as this Court, have held that in a summary judgment motion, the movant need initially only make a prima facie case for its claim. *See First Weber Group, Inc. v. Horsfall (In re Horsfall)*, 444 B.R. 578, 584 (Bankr. W.D. Wis. 2011) (citing *Tews v. NHI, LLC,* 2010 WI 137, 330 Wis. 2d 389, 793 N.W.2d 860 (requiring circuit courts to determine whether the moving party has established a prima facie case before granting summary judgment)). A prima facie case is one "established only when evidentiary facts are stated which, if they remain uncontradicted by the opposing party's affidavits, resolve all factual issues in the moving party's favor." *Horsfall*, 444 B.R. at 584 (citing *Walter Kassuba, Inc. v. Bauch,* 38 Wis. 2d 648, 655, 158 N.W.2d 387 (Wis. 1968)). This burden of proof is significantly lower than that in a nondischargeability action, which requires a plaintiff having to *prove* its case by a preponderance of the evidence. *See In re Horsfall*, 444 B.R. at 584 (citing *Grogan v. Garner,* 498 U.S. 279, 287 (1991) (requiring claimant to prove its case for nondischargeability by a preponderance of the evidence)). Consequently, the lower burden of proof in the

state court action weighs in favor of permitting the relitigation of the issue of treble damages.

The final factor considers public policy and individual circumstances. It requires addressing whether such considerations "render the application of collateral estoppel to be fundamentally unfair." Part of the reason the state court judge granted summary judgment for Jackson was because Meyers' response contained only broad generalizations and included no affidavit with facts to support his contentions. The state court's decision to award exemplary damages was based on the deficiencies of Meyers' former attorney and his failure to submit an affidavit with facts in opposition that could have been drawn from his answer. It includes no discussion or analysis of the factors to be considered for punitive damages.

As a form of punitive damages, the purpose of exemplary damages is to punish and deter wrongful conduct. Under Wis. Stat. § 895.446(3)(c), the decision to award exemplary damages is discretionary, and so a court in deciding whether to award treble damages should consider whether exemplary damages are necessary to punish and deter wrongful conduct.

To do so, a court may consider factors such as the age of the offender, the attitude and conduct of the offender upon detection, fines and forfeitures already imposed, and whether the defendant is a person of modest means who will be severely punished by punitive damages. There is no evidence in the record that the state court considered any of these factors.

16

Here, actual damages of $109,404.15 were already imposed. The Debtor is of modest means. According to his statement of current monthly income, he makes less than the median family income in the state of Wisconsin. There is no evidence the state court considered the impact an award of treble damages on top of the main award of $109,404.15 would have on this Debtor or whether punitive damages were necessary to punish the Debtor.

Thus, the individual circumstances involved would render the application of collateral estoppel to be fundamentally unfair based on the record before this Court. The factors supporting such an award have not been presented by Jackson, responded to by Meyers, or analyzed and applied to the facts by a court. So Jackson has not demonstrated that summary judgment on exemplary damages is ripe or appropriate. Issue preclusion does not apply to the claim for exemplary damages. It would be fundamentally unfair to preclude Meyers from litigating the issue of exemplary damages should Jackson determine she wants to pursue that portion of her claim.

## Conclusion

For the reasons stated above, summary judgment is granted in part and denied in part. Judgment is granted determining that damages in the amount of $109,404.15 are nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Summary judgment is denied with respect to the claim that the treble damages are nondischargeable.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: April 29, 2022

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
